OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Donald Cho, appeals the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, which granted a divorce between he and Defendant-Appellee, Julie Catherine Cho. The issues before this court are whether the trial court erred when it calculated child support and spousal support.
 {¶ 2} Donald argues the trial court erred when awarding child support since it did not consider the statutory deviation factors in R.C. 3119.23 when it awarded an amount greater than that found in the child support guidelines. But the trial court was not required to consider those factors since the combined income of the parties was greater than $150,000, and subject to calculation pursuant to R.C.3119.04(B) only. The trial court's spousal support award was reasonable in both length and amount since it is awarded for the time necessary for Julie to resume and complete her education and is in an amount necessary to cover her monthly expenses when taking into account the tax consequences of awarding that amount of spousal support to her. For these reasons, the trial court's decision is affirmed.
 Facts and Standard of Review {¶ 3} The Chos were married on June 19, 1993. When the parties were married, Donald was a second year medical student and Julie was employed as a dental hygienist. At that time, Julie had an associates degree in dental hygiene and a bachelors degree in psychology. She was thinking about pursuing her masters in psychology, but after the birth of the couple's first child on March 3, 1994, the parties agreed that she should be a stay-at-home mother. So she did not pursue further education and was unemployed. Subsequently, the parties had two more children. After their second child, Julie had back surgery and the doctor recommended that she should not be a dental hygienist again.
 {¶ 4} On July 4, 2001, Donald began working for the Heart Center of Northeastern Ohio pursuant to a contract for three and one-half years. In the first year of his employment, Donald was to earn $175,000. His salary rose annually, to $220,000 in 2002 and to $240,000 in 2003. It appears this was Donald's first job after completing his residency since both parties acknowledged that this was the first time he was making substantial sums of money. At the time, the parties were living in a home in Austintown, Ohio, took a family vacation every year to North Carolina, and Julie and the children also flew with Donald on his business trips to conferences. When Donald began his employment at the Heart Center, the couple discussed moving into a nicer home, buying a vacation home, and taking advantage of Donald's new income in other ways.
 {¶ 5} Either in December 2001 or January 2002, Donald moved out of the marital residence and filed for divorce. While the divorce was pending Donald supported Julie and the children pursuant to temporary child and spousal support orders. The matter proceeded to a bench trial. In the divorce decree, the trial court acknowledged that the parties' combined income was greater than the upper amount calculated in the child support guidelines, so it awarded more than that amount. It also found spousal support was appropriate and reasonable and awarded $4,000 per month in spousal support to Julie for a period of four years.
 {¶ 6} Both of the assigned errors are subject to the same standard of review. A trial court is vested with broad discretion in domestic matters and its decision will not be overturned absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. This court cannot substitute its judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131.
 Child Support {¶ 7} In the first of two assignments of error, Donald alleges:
 {¶ 8} "The court abused its discretion in calculating child support with an upward deviation when the evidence presented does not support an upward deviation."
 {¶ 9} Here, Donald argues the trial court did not comply with R.C.3119.23 when it decided to deviate upward from the child support guidelines. In response, Julie argues the trial court did not need to comply with R.C. 3119.23 since the parties' combined income is greater than $150,000.
 {¶ 10} R.C. 3119.02 provides that whenever a court is calculating the amount of a child support obligation, it must calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of R.C. 3119.02 to 3119.24. The basic child support schedule sets amounts of child support for parties who's combined income lies between $6,600 and $150,000 and the amounts contained within this schedule are presumably correct. See R.C. 3119.021; R.C. 3119.03.
 {¶ 11} R.C. 3119.22 then provides that a court can deviate from the amount of support that would normally result from the basic child support schedule and worksheet. A trial court must consider the factors in R.C.3119.23 when determining whether it should make that deviation. "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. 3119.22.
 {¶ 12} But this schedule does not apply when, as in this case, the combined incomes of the parents exceeds $150,000 per year.
"If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings." R.C. 3119.04(B).
 {¶ 13} Donald argues the trial court erred because should have calculated the parties' child support obligation without specifically considering the factors in R.C. 3119.23. This argument is misplaced. R.C. 3119.22 specifically states that a trial court only needs to consider the factors in R.C. 3119.23 when it is deviating from the amount calculated pursuant to the child support schedule and the applicable worksheet. Since the child support schedule does not apply in cases involving combined yearly incomes of greater than $150,000, the trial court is not obligated to specifically consider those factors. Drumm v.Drumm (Mar. 26, 1999), 2nd Dist. Nos. 16631 and 17115. Instead, it must compute the child support obligation on a case-by-case basis in accordance with R.C. 3119.04(B).
 {¶ 14} R.C. 3119.04(B) provides that when the combined income of the parents exceeds $150,000 a court must (1) determine the child support obligation on a case-by-case basis, (2) consider the needs and the standard of living of the children, and (3) compute an obligation no lower than the amount the basic child support schedule provides for couples with incomes of $150,000 unless such an amount would be unjust or inappropriate and would not be in the best interests of the children. When making this determination, the trial court must make these findings in its judgment entry. R.C. 3119.04(B).
 {¶ 15} In this case, the court found that the combined income of the parents exceeded the guideline limits of $150,000. It considered the children's standard of living toward the end of the marriage, including their extracurricular activities and the expectations they had about their living conditions after Donald began his medical practice. Based on this, the trial court found it would not be in the children's best interests to order a child support obligation based on a combined gross income of $150,000. If the parties' combined gross incomes was $150,000, then their basic child support obligation would have been $25,873, or 17.2 percent of their combined incomes. In this case, the trial court found the parties' combined gross incomes was $220,000. The basic child support obligation it calculated was $37,873.73, or 17.2 percent of their combined gross incomes. Finally, although the trial court did not specifically state that it was considering the factors in R.C. 3119.23
when making its determination and did not need to, many of the facts it considered correlate with the factors in R.C. 3119.23. Since the trial court complied with R.C. 3119.04(B) and used a reasonable means to calculate the basic child support obligation, it did not abuse its discretion when computing Donald's child support obligation. Accordingly, Donald's first assignment of error is meritless.
 Spousal Support {¶ 16} In his second assignment of error, Donald alleges as follows:
 {¶ 17} "The trial court abused its discretion in ordering spousal support in an amount and for a term that is not reasonable."
 {¶ 18} In the divorce decree, the trial court ordered that Donald pay $4,000 per month in spousal support for four years following the divorce. Donald argues that it was unreasonable for the trial court to award spousal support both for that number of years and in that amount since the award did not achieve an equitable result. In response, Julie argues that the trial court's findings demonstrate that its decision was not unreasonable.
 {¶ 19} When determining whether to award spousal support in a divorce action, a trial court must consider the factors in R.C. 3105.18(C).
 {¶ 20} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable.
"(2) In determining whether spousal support is reasonable and in determining the amount and terms of payment of spousal support, each party shall be considered to have contributed equally to the production of marital income." R.C. 3105.18(C).
 {¶ 21} In this case, the trial court made specific findings on each statutory factor. Many of the findings support the trial court's spousal support award. Donald's income was $220,000 per year and his earning capacity will grow over the next few years to between $350,000 and $375,000 per year while Julie is unemployed but can earn between $50,000 to $55,000 if she earns her masters in psychology. Both parties are in their mid-30's and suffer no physical injury except for Julie's back injury which prevents her from continuing her previous employment as a dental hygienist. The trial court questioned the seriousness of that injury, but it recognized Julie's desire to be at home with the children as much as possible. It recognized that Donald had a medical degree while Julie wished to return to school to obtain her masters and that Julie had contributed heavily to Donald's education while losing her own income production capacity. It noted that Donald would receive significant tax savings from paying spousal support. Finally, the trial court took into account the parties' testimony concerning their monthly expenses.
 {¶ 22} The length of the trial court's spousal support award is supported by Julie's stated desire to resume her education. At trial, Julie testified that she has her bachelors degree in psychology and wanted to obtain her masters, but that she did not after the birth of the parties' first child so she could be a stay-at-home mother. She further testified to the cost, and that it would take her four-years to obtain her masters now if she went to school on a part-time basis. Given these facts, it appears the trial court did not abuse its discretion when it decided to award spousal support for a four-year period. This is the amount of time it will apparently take Julie to obtain the income production capacity she stopped pursuing during the marriage.
 {¶ 23} The amount of the spousal support award is also reasonable given the trial court's findings. The trial court found that Julie's monthly expenses are $6,526.25, as set forth in her exhibits and testimony. It found a portion of these expenses, those related to vacations, were "somewhat overstated". It also found that these expenses are "somewhat duplicative" when offered solely for the issue of spousal support since some of the expenses are for the children and will be paid for out of Donald's child support obligation. If Donald's child support obligation is counted as income for Julie and subtracted from her monthly expenses, then her monthly expenses are $4,058.78, $58.78 more than the trial court's spousal support award of $4,000 per month. Even though the trial court found Julie's stated expenses were "somewhat overstated", it did not abuse its discretion when setting the spousal support at an amount near her stated monthly expenses since Julie is obligated to pay income tax on the spousal support award. Julie did not include taxes in her list of monthly expenses and her tax obligation would essentially negate any "overstatement" of those monthly expenses.
 {¶ 24} For these reasons, both the length and amount of the trial court's spousal support award are reasonable. Accordingly, the trial court did not abuse its discretion when making that award. Donald's second assignment of error is meritless.
 {¶ 25} Because each of Donald's assignments of error are meritless the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.