JUDGMENT ENTRY.
These appeals are considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant/cross-appellee Thomas Jackson and plaintiff-appellee/crossappellant Phyllis Jackson appeal from the trial court's entry overruling their objections to a magistrate's decision and modifying Thomas Jackson's child-support obligation.
The Jacksons were divorced in July 1999. Mrs. Jackson was designated the residential parent and legal custodian of the parties' two minor children. Mr. Jackson was ordered to pay monthly child support for the two children in the amount of $2,062.03 per child, plus a two percent processing fee.[1]
In May 2001, Mr. Jackson filed a motion to modify his child support, alleging that his anticipated income for 2001 would be substantially less than in prior years and that Mrs. Jackson's income had significantly increased since their divorce. A magistrate held hearings on the motion in July 2001 and October 2001. In December 2001, the magistrate filed findings of fact and conclusions of law and granted Mr. Jackson's motion to modify his child-support obligation. The magistrate reduced Mr. Jackson's monthly child-support obligation to $1,674.39 per child, plus a two percent processing fee. Both parties filed timely objections to the magistrate's decision. The trial court heard arguments on their objections and ordered the parties to submit written briefs. In October 2002, the trial court overruled some of the parties' objections, sustained some of the parties' objections, and recommitted the matter to the magistrate.
Following the trial court's remand, the magistrate further reduced Mr. Jackson's monthly support obligation to $1608.94 per child, plus a two percent processing fee. Both parties again filed objections to the magistrate's decision. On March 30, 2004, the trial court sustained both parties' objections to the magistrate's decision in part, overruled them in part, and modified Mr. Jackson's monthly child-support obligation to $1041.67 per child, plus a two percent processing fee.[2] The trial court made the support order retroactive to July 2001.
In his sole assignment of error, Mr. Jackson contends that the trial court erred in awarding more than the maximum guideline amount of child support for parents with a combined income of $150,000 without specifically finding or determining (1) that the maximum guideline amount was unjust or inappropriate, and (2) that it would not be in the best interest of the child, obligor, or obligee to order that amount. In her cross-appeal, Mrs. Jackson has raised one assignment of error in which she contends the trial court erred when it reduced Mr. Jackson's child-support obligation from $38,614 per year, as ordered by the magistrate, to $25,000 per year without providing any reasons for the deviation and without hearing any additional evidence. Because these assignments of error are interrelated, we address them together.
R.C. 3119.04(B) provides that "[i]f the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents." The statute further provides that "[t]he court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount." The statute goes on to state that "[i]f the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings."
A plain reading of the statute reveals that when the parties combined income exceeds $150,000, the trial court must determine the amount of child support on a case-by-case basis, considering the needs and standards of living of the children and their parents. The statute further provides that the trial court may not order an amount less than what the child support would have been had the parties combined income been $150,000. Only if the trial court awards less than the guideline amount for parents who have a combined income of $150,000 is it required to "enter in the journal, the figure, determination, and its findings" that a guideline award "would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee."[3] Consequently, "child support based upon a combined income figure of $150,000 would be the minimum amount the trial court could award unless it determined that amount to be unjust or inappropriate and not in the best interests of the child."[4] Because the statute did not require the trial court to cap the Jacksons' combined income at $150,000 for purposes of determining their child support obligations, and because the statute did not require the trial court to provide its reasons for awarding more support than the minimum amount, we overrule Mr. Jackson's assignment of error.
In her cross-assignment of error, Mrs. Jackson argues that the trial court erred in reducing the amount of child support awarded by the magistrate without hearing the original testimony, providing any reasons for the deviation, or hearing any additional evidence. We disagree.
Civ.R. 53(E)(4) provides that when objections to a magistrate's decision are filed, the trial court must rule on the objections and may adopt, reject, or modify the decision, hear additional evidence, recommit the matter to the magistrate with instructions, or re-hear the matter.
While we agree that, under the rule, the trial court must conduct an independent review of the record, there is no indication in the record before us that the trial court failed to do so. Furthermore, Civ.R. 53(E)(4) only requires the trial court to rule on any objections. It does not require the trial court to indicate why it changed the magistrate's decision. Mrs. Jackson has set forth no authority in her brief that would support her interpretation of the rule. Had Mrs. Jackson wished the trial court to provide its reasoning, she could have filed a request for findings of fact and conclusions of law under Civ.R. 52. Finally, "the use of the word `may' in the statute indicates the court has discretion to decide whether to hear additional evidence after the parties submit their objections to the [magistrate's decision]."[5] Because Mrs. Jackson never requested the trial court to hear additional evidence and because the rule gave the trial court discretion to hear such evidence, we cannot say that the trial court erred in failing to hear additional evidence on the issue of child support. For all these reasons, we overrule her cross-assignment of error. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] The record reveals that Mr. Jackson's adjusted annual gross income was $296,010 at the time of the divorce, while Mrs. Jackson's adjusted annual gross income was $68,350.
[2] The trial court attached a child-support worksheet to its judgment entry. Mr. Jackson's adjusted gross income for 2001 was listed as $303,000, while Mrs. Jackson's adjusted gross income was listed as $145,830. The worksheet indicated that the trial court had awarded $10,168 in support above the hypothetical amount Mr. Jackson would have paid if the couple had an aggregate gross income of $150,000.
[3] R.C. 3119.04(B). See, also, Cyr. v. Cyr, 8th Dist. No. 84255,2005-Ohio-504, at ¶¶ 52-57; Zeitler v. Zeitler, 9th Dist No. 04CA008444,2004-Ohio-5551, at ¶¶ 8-9; Cho v. Cho, 7th Dist. No. 03MA73, 2003-Ohio-7111;Petersen v. Petersen, 5th Dist. No. 02C0A059, 2003-Ohio-4189, at ¶ 22;Deasey v. Deasey, 5th Dist. No. 02CAF09044, 2003-Ohio-3576, at ¶¶ 10-13.
[4] Petersen, supra, at ¶ 22.
[5] Evicks v. Evicks (1992), 79 Ohio App.3d 657, 664,607 N.E.2d 1090.