[Cite as *DiBiase v. DiBiase*, 2013-Ohio-2879.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KYRA A. DiBIASE nka SNIDER | ) | CASE NO. 12 JE 15 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| PAUL A. DiBIASE, JR. | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Jefferson County, Ohio Case No. 02 DR 244

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Kyra A. DiBiase nka Snider, Pro Se 438 Braybarton Blvd. Steubenville, Ohio 43952

For Defendant-Appellant: Atty. Gary M. Stern Stern, Stern & Stern Co., LPA 108 South Fourth Street Steubenville, Ohio 43952

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: June 24, 2013

WAITE, J.

**{¶1}** Appellant Paul A. DiBiase, Jr. appeals a decision of the Jefferson County Court of Common Pleas modifying his child support obligation. The parties had four children together, and Appellant was ordered to pay child support as part of the divorce. The oldest child recently reached the age of majority, thus leading to a request to modify child support. Since Appellant and his ex-wife Kyra DiBiase ("Appellee") have a combined income of over $150,000, child support is not based on a specific formula, but rather, on the needs and standard of living of the children and parents. See R.C. 3119.04(B). The magistrate examined the needs and standard of living of the children and parents, but ultimately decided to extrapolate child support based on the formula used for parents earning less than $150,000. We have approved of this method of extrapolation in *Cho v. Cho*, 7th Dist. No. 03 MA 73, 2003-Ohio-7111 and *Ellis v. Ellis*, 7th Dist. No. 08 MA 133, 2009-Ohio-4964. The trial judge adopted the magistrate's decision and findings based on the extrapolation method, and this appeal followed.

**{¶2}** Appellant argues that the trial court did not properly consider the needs and standard of living of the children when computing child support. Appellant further argues that there was no documentary evidence for most of the expenses claimed by Appellee. Appellant also claims that the magistrate improperly acted as Appellee's advocate during the entire proceeding out of sympathy for the fact that Appellee was acting *pro se*. Appellee has not responded to this appeal. Appellant is correct that, when the combined income of both parents exceeds $150,000 per year, child support must be decided on a case by case basis after considering the needs and standard

of living of the parents and children. The record reflects that the trial court did consider the needs and standard of living of the children, as is evidenced by the hearing transcript, the magistrate's report, the magistrate's findings of fact, and the trial court's final judgment. Appellant also objects to specific expense items that may have been incorrectly calculated by the magistrate. Since the court did not base its child support decision on specific expenses, but on the extrapolation of presumed child support using the guidelines for parents earning less than $150,000, any errors in the line by line expense items is harmless.

{¶3} Appellant contends that the trial court did not make an independent review of the magistrate's decision, but the record indicates the opposite. Finally, Appellant argues that the magistrate was biased against him. Appellant does not support this with any evidence and made no attempt to have the magistrate removed from the case. Appellant's alleged errors are not supported by the record, and the judgment of the trial court is affirmed.

## History of the Case

{¶4} Appellant and Appellee were divorced in 2003 and had four minor children at the time of the divorce. Appellee was named as the residential parent, and Appellant was ordered to pay child support of $5,417 per month. Appellant is a physician, and his income at the time of the divorce was $521,561. In 2009, Appellant's income had decreased to $237,000, and child support was modified to $4,000 per month. The oldest child was emancipated in May of 2011, and new hearings were held to recalculate child support. In July, 2011, a magistrate reduced child support to $3,000. Appellee requested reconsideration of the magistrate's

order, which was granted. In August of 2011, the magistrate recalculated child support, using the extrapolation method, to $4,529.63 per month. This was an interim order effective while the matter was being litigated. Hearings were held on August 23, 26, and November 18, 2011. Appellant was represented by counsel, and Appellee appeared *pro se*. The magistrate issued its decision on December 15, 2011. The magistrate once again used the extrapolation method to calculate child support in the amount of $4,529.63.

{¶5} Appellant filed objections, and the trial court held a hearing on the objections on February 13, 2012. The matter was referred back to the magistrate to prepare findings of fact addressing the issue of the needs and standard of living of the children and the reasonable monthly expenses of the parties. The magistrate issued those findings on March 15, 2012. The magistrate found that Appellant's income had increased from $237,000 in 2009, to $317,450 at the time of the final hearing. The magistrate also found that Appellee's income had decreased since the previous child support order. The magistrate made findings regarding each of the expenses discussed at the hearings. The magistrate found that child support would be $4,500.94 per month, based on the calculations arising from the income, expenses, and in-kind contributions of the parties. The magistrate found that this amount was not significantly different than the extrapolated child support amount as calculated from the schedule in R.C. 3119.021. The magistrate also found that the presumed amount of $4,529.63, based on the extrapolation method, was just, appropriate and in the best interests of the children. Appellant filed further objections on March 20, 2012. On April 26, 2012, the trial court overruled the objections and

issued its judgment entry adopting the magistrate's decision. The judgment entry stated:

> The Court has now reviewed the magistrate's findings and the magistrate's supplemental findings, as well as defendant's objections and each parties [sic] memorandums and responses.
>
> The Court finds that the magistrate correctly considered all evidence presented at the hearings, that the magistrate analyzed the evidence presented, addressed all necessary issues, appropriately considered any conflicting evidence, that the magistrate's decision is supported by the evidence presented, that the magistrate properly determined the factual issues and that the magistrate appropriately applied the law and, therefore, the Court hereby upholds the decision of the magistrate.

(4/26/12 J.E., p. 2.)

**{¶6}** This timely appeal followed. Appellee has not responded to the appeal, and we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION WITHOUT INDEPENDENTLY REVIEWING WHETHER THE MAGISTRATE PROPERLY DETERMINED THE FACTUAL ISSUES AND APPROPRIATELY APPLIED THE LAW.

**{¶7}** In Appellant's overarching assignment of error he claims that the trial judge did not properly review the magistrate's decision. Appellant raises four subissues under this assignment of error. He argues that the trial court did not independently review the magistrate's decision. He asserts that the court ignored the law by failing to consider the needs and standard of living of the children, as required by R.C. 3119.04(B) for parents whose combined income is over $150,000. He complains that the trial court improperly accepted Appellee's testimony about a variety of expenses. Finally, Appellant states that the magistrate was biased in favor of Appellee. None of Appellant's arguments are persuasive.

**{¶8}** Modification of a child support order is reviewed for abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997). The term "abuse of discretion" implies more than an error of judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Nevertheless, a trial court's discretion is not unfettered and the mandatory statutory child support requirements must be followed in all material respects. *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶8; *see, also, Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus.

**{¶9}** Since this case was referred to a magistrate, and objections were filed, the law governing a magistrate's decision is also relevant. Civ.R. 53(D)(4)(d) requires the trial judge to "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

**{¶10}** Appellant's first argument is that the trial judge failed to independently review the magistrate's decision. The record indicates just the opposite. After the magistrate filed an initial decision on December 15, 2011, Appellant filed objections. The court held a hearing and then remanded the case back to the magistrate to prepare findings of fact and to specifically address the issue of the needs and standard of living of the children. That the trial court initially found the magistrate's decision to be lacking certain findings of fact clearly indicates that the trial judge reviewed the magistrate's decision. After the magistrate filed supplemental findings of fact, the court ruled on Appellant's objections. In a judgment entry dated April 26, 2012, the court stated that it had reviewed the magistrate's findings and the magistrate's supplemental findings, the objections, the memorandums, and all the evidence in the case. The court concluded that the magistrate considered all the conflicting evidence, addressed all the necessary issues, properly determined factual issues, and properly applied the law. The court then overruled the objections. Because Appellant disagrees with the end result, he believes that the court did not review the magistrate's decision. The record, though, does not support Appellant's conclusion.

**{¶11}** Next, Appellant claims the decision is contrary to law. The law in this case is contained primarily in R.C. 3119.04(B):

(B) If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the

amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.

{¶12} R.C. 3119.04(B) sets a minimum child support award for parents making over $150,000 as "no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars." The court may award more than the minimum after considering the needs and standard of living of the child and parents, and after determining that the minimum award would be unjust and not in the best interest of the child, the obligor, or the obligee. Appellant is aware that the court may extrapolate child support for parents earning over $150,000, using the calculations applicable for parents making less than $150,000, after making the appropriate considerations as required by the statute. *Cho, supra*, at ¶15; *Ellis, supra,* at ¶78-80; *see also, Longo v. Longo*, 11th Dist. Nos. 2008-G-2874, 2009-G-

2901, 2010-Ohio-3045, ¶40 ("the court may choose to extrapolate a child support figure using the worksheet"). Child support is extrapolated using the child support table found in R.C. 3119.021, which was originally designed to calculate support for those parents making up to $150,000.

**{¶13}** This case is remarkably similar to *Ellis*, in which we stated:

We conclude that the trial court did not abuse its discretion in making these [child support] awards. The court properly considered the qualitative needs and standard of living of the parties and the children. Namely, the court considered the fact that the five children participate in many expensive extracurricular activities, and customarily wear designer clothing. In fact, both parties agreed that the children enjoy a high standard of living. George admitted that the children do not lack for anything. The court also considered the high standard of living enjoyed by the parents. Suzanne's testified about her monthly expenses and presented an affidavit showing the same. George failed to present much evidence about his expenses, but the court considered the fact that George has the ability to run certain expenses, i.e., cars, cell phones and country club dues, through his corporation.

*Id.* at ¶80.

**{¶14}** In the instant case, the magistrate considered the expenses and standard of living of the children and the parents in great detail, much more detail than in the *Ellis* case. In both cases, the expenses were established by testimony

and affidavits. In both cases the trial court then used the extrapolation method to determine child support. Based on our recent precedent in both the *Cho* and *Ellis* cases, there is no abuse of discretion in the manner in which the magistrate and the trial court calculated child support using the extrapolation method after considering the expenses and standard of living of the children and the parents.

**{¶15}** Appellant also objects to the values attributed to many specific expenses that were established primarily by testimony from Appellee. Appellant does not consider testimony in open court to be sufficient evidence to prove monthly or annual expenses. Appellant is mistaken. Witness testimony alone can be sufficient to establish expenses in the context of establishing child support. *Hannum v. Hannum*, 5th Dist. No. 1994 CA 55, 1995 WL 497700 (July 27, 1995). Furthermore, much of Appellant's own evidence attempting to invalidate the trial court's child support calculation is based on nothing other than his own testimony. He testified about various extra expenditures he made for the children that were used to reduce his child support obligation. (8/23/2011 Tr., pp. 148ff.) He testified that his house payment was "[r]oughly [$]1,200". (8/23/11 Tr., p. 149.) He testified his car payment was "around $800 a month." (8/23/11 Tr., p. 151.) He testified as to rough calculations of various monthly expenses such as groceries, telephone bills, cable television, his home alarm system, and so on. (8/23/11 Tr., pp. 154ff.) Appellant insisted he had paperwork to support these figures, but no supporting documents were admitted as evidence. Appellant cannot claim error in the trial court's reliance on Appellee's testimony about her expenses when Appellant himself tried to establish his own expenses solely through his testimony. This may be seen to fall under the

headings of "invited error" (since Appellant induced any error by relying solely on his own testimony to establish expenses), and harmless error (since the court properly relied on the "extrapolation method" as described in our *Cho* decision rather than on any specific calculation of expenses). "Under the invited-error doctrine, a party is not permitted to take advantage of an error that she herself invited or induced the court to make." *Anderson v. Anderson*, 147 Ohio App.3d 513, 528, 771 N.E.2d 303 (7th Dist.2002). *See, also, Linam v. Linam*, 7th Dist. No. 02 CO 60, 2003-Ohio-7001, ¶45 (trial court's mention of additional reasons for deviating from the child support guidelines was harmless after the court had correctly stated that the deviation was based on the parties' shared parenting agreement.)

{¶16} Importantly, R.C. 3119.04(B) only requires the court to "consider" the needs and standard of living of the children and parents. There is no formula provided or required. Since the court is not required to base child support award on some type of exact calculation of need or expense when the parties' income is over $150,000, no error can exist if the court's child support award does not exactly match the claimed expenses.

{¶17} Appellant's claim that the magistrate committed judicial misconduct by acting as Appellee's advocate is not supported by the record. This is a fairly typical case where a party produced some documentary evidence to establish expenses and then supplemented those documents with testimony. The magistrate determined that Appellee's written summary of expenses understated those expenses due to Appellee's defensiveness in interacting with Appellant. Thus, the magistrate believed Appellee's live testimony more than the written estimates she had submitted. The

magistrate made a credibility determination, and as the trier-of-fact, was certainly entitled to do so. *James v. Maroun's Motors, Inc.*, 7th Dist. No. 06-MA-83, 2007-Ohio-2865, ¶60, citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). The magistrate does not appear to be acting as the advocate of either party, but as the trier-of-fact, which was proper.

{¶18} Appellant claims that the magistrate's interpretation of the evidence shows that it was not acting "fairly and impartially" and was clearly biased. Appellant also asserts that the court engaged in an ex parte communication with Appellee, and violated the Code of Judicial Conduct. These accusations appear to be based on two items: the estimate of Appellee's pet expenses as $100; and value of school care expenses of $200 per month. Appellant admits that there was testimonial evidence presented about the $200 child care expense, and so it is unclear why he believes this finding was improper. Appellant's citation to pet care expenses of $100 is not in the record. The supplemental findings of the magistrate issued March 15, 2012, lists the amount for "[p]ets 2 dogs plus cats" as "[u]nknown." (3/15/12 Supplemental Magistrate's Findings, ¶j.) Again, counsel's argument regarding the alleged bias of the magistrate is not supported by the record.

{¶19} Further, Appellant never requested that the magistrate be removed from the case. Civ.R. 53(D)(6) provides that disqualification of a magistrate for bias or other cause is within the discretion of the court "and may be sought by motion filed with the court." If such a motion is never filed, then there can be no abuse of discretion in the court's failure to disqualify the magistrate from the case. Failure to file the motion is sufficient grounds for overruling an assignment of error regarding

alleged bias of a magistrate. *Patton v. Patton*, 10th Dist. No. CT2009-0031, 2010-Ohio-2096, ¶79.

{¶20} For all the aforementioned reasons, Appellant's assignment of error and four subissues are overruled. Appellant has shown no error in the modified calculation of child support. The court considered the evidence presented by both parties regarding their income, expenses, standard of living, and in-kind contributions. The parents had a combined income of over $373,000, and child support was extrapolated based on the standard child support calculations for parents earning less than $150,000. The trial court was permitted to do this based on our prior decisions in *Cho* and *Ellis*. Using the extrapolation method, child support was set at $4,529.63. There was no abuse of discretion in this calculation, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.