DECISION AND JUDGMENT ENTRY
{¶ 1} Tina Roop, now known as Tina White ("Appellant"), appeals the decision of the Hocking County Common Pleas Court which deviated from the child support worksheet amount in calculating child support and modified parenting time between Appellant and Michael Roop ("Appellee"). Appellant contends that the trial court abused its discretion in deviating from the child support worksheet amount and modifying parenting time, as the modification was not in the best interests of the parties' minor child. Because the trial court offers no rationale to support its modifications, we conclude that those modifications were arbitrary, and thus, an abuse of discretion.
 {¶ 2} Appellee and Appellant were divorced on March 19, 1998. Their shared parenting plan was approved by the court; Appellant was designated residential parent of the parties' only minor child. The original Judgment Entry of divorce provided Appellee with visitation pursuant to the companionship schedule adopted by the Hocking County Common Pleas Court and on other occasions mutually agreed upon by the parties. With respect to child support, Appellee was ordered to pay $312.19 per month, based on yearly incomes of $16,000.00 for both parties.
 {¶ 3} Subsequently, Appellant married Jim White, who is in the U.S. Army. In January 2004, Appellant relocated to Fort Bragg, North Carolina. The parties' minor child expressed a desire to try living with Appellee instead of moving to North Carolina. Based on her son's request, Appellant agreed to a modification of the shared parenting order, which was to be reviewed in August 2004. This modification was included in the Judgment Entry/Shared Parenting Decree filed February 17, 2004. The terms of the modification included the following: Appellee was designated residential parent for school purposes; Appellant was to have ten weeks of parenting time during the summer, subject to one week of uninterrupted vacation time for the Appellee; Appellant was to have extended weekends with the child and could visit with the child whenever she was in Ohio; and, despite the modification being subject to review, holidays and school breaks would alternate between parents in odd and even years. It was further ordered that Appellant was responsible for all transportation and transportation costs for parenting time. Appellee was to provide the parties' child with medical insurance. Pursuant to the agreement of the parties, the issues of child support and income tax dependency exemption were to be decided by the court based on the evidence adduced at a hearing in December 2003.
 {¶ 4} On April 1, 2004, the magistrate issued a decision, later adopted by the court, regarding child support and tax exemption. Based upon Appellee's annual income of $30,000.00 per year and an imputed income of $10,712.00 to Appellant, the worksheet amount was $178.03. However, the magistrate found that because of the travel costs associated with parenting time and the extended summer parenting time, a deviation from the worksheet amount was appropriate. The magistrate deviated from $178.03 per month to $143.03 per month for Appellant's child support obligation.
 {¶ 5} In the ensuing months, the parties' minor child vocalized a wish to return to Appellant's custody. In July 2004, Appellant filed a motion to modify the February 17 Shared Parenting Decree, requesting that she be designated residential parent for school purposes. At the scheduled review hearing in August 2004, the parties could not reach an agreement, and the matter was set for hearing in November 2004.
 {¶ 6} A full hearing was held on November 10-11, 2004. The evidence showed that the level of hostility between the parties had remained so high during the period between February and November 2004 that parenting time was affected. Appellee testified at the hearing that he was self-employed as a contractor, and that his net income was $1,500.00 to $2,000.00 monthly. The evidence showed that Appellant's annual income was $14,856.00. The evidence further demonstrated that the parties' minor child was provided with medical insurance through Mr. White's military insurance plan, instead of being provided by Appellee, as the parties had agreed.
 {¶ 7} On or about November 22, 2004, the guardian ad litem filed her supplemental report, recommending that Appellant be designated residential parent for school purposes. The guardian ad litem also recommended modifications to the parenting time schedule, such that Appellee would have the parties' minor child all of Thanksgiving break each year, all of Christmas break during even years and half of Christmas break during odd years, all of spring break each year, Easter each year, and the entire summer break each year. In addition, the guardian ad litem recommended extended weekend parenting time.
 {¶ 8} On March 21, 2004, the magistrate filed her Decision and Judgment Entry/Shared Parenting Decree. The magistrate found that there had been changes in circumstance for the minor child, as well as for Appellant, and that it was in the child's best interests that shared parenting continue, but Appellant be designated residential parent. As to parenting time, the magistrate made the following orders:
For the school year 2004/2005, the child shall remain with the father through the end of the school year in Logan, Ohio. The Father shall have parenting time with the child for the first half of the summer of 2005, summer being determined to be from the day that school ends in Logan until school begins in North Carolina. The Mother shall have parenting time with the child for the second half of the summer. The child shall then begin the new school year residing with his mother. Mother shall have the child for Spring Break, 2005, and Father shall have [child] for Thanksgiving break and all of Christmas break as defined by the shared parenting plan of February 17, 2004. During the second half of 2005, the Defendant/Father shall have the right to exercise companionship with the minor child any time the Plaintiff/Mother brings the child to Ohio. Mother continues to have the right to exercise companionship with the minor child when she is in Ohio. Father may have the child anytime he is in North Carolina.
Beginning in calendar year 2006, the Defendant/Father shall have the child with him for ten weeks during the summer. Mother shall provide father with a school calendar not later than October 1 of each year. Father will notify Mother of the ten weeks he wishes to have [minor child] with him in the summer 60 days prior to the first week of the visit.
The holiday schedule shall remain as set forth in the shared parenting plan of February 19 (sic), 2004, except that Defendant/Father may have the child with him during Spring Break each year.
 {¶ 9} The magistrate further ordered that "the parties will equally divide transportation, with the receiving parent to arrange for transportation to their home, and the other parent arranging transportation for the return trip." With respect to child support, the magistrate ordered a deviation from the worksheet amount of $223.00 per month, which amount was based on an annual income of $18,000.00 for the father and $14,856.00 for the mother. The magistrate ordered that "[t]his amount is unjust and inappropriate due to the extended parenting time that the Defendant/Father will have with the child, and the cost of transportation. An order that neither party pay support to the other is appropriate in this case."
 {¶ 10} On April 1, 2005, Appellant filed two objections to the magistrate's decision. Appellant's first objection was that the child support deviation was unjust and unreasonable. Appellant's second objection was to the magistrate's order regarding parenting time for Thanksgiving and Christmas breaks, as well as summer parenting time. A hearing was held on the objections on June 28, 2005.
 {¶ 11} On June 29, 2005, the lower court issued its Judgment Entry Adopting Magistrate's Decision with Exceptions. The lower court adopted the magistrate's decision in full with the following changes: (1) father shall have visitation from the day after school is out in the spring until the 7th day before school starts at the end of summer; (2) father shall pay child support of $50.00 per month throughout the year; and (3) [minor child] shall return to his mother the last 4 days of Christmas vacation. Appellant now appeals this judgment, asserting the following assignments of error:
 {¶ 12} I. THE LOWER COURT ABUSED ITS DISCRETION IN DEVIATING FROM THE CHILD SUPPORT WORKSHEET AMOUNT TO THE EXTENT THAT THE CHILD SUPPORT OBLIGATION WAS REDUCED TO FIFTY DOLLARS ($50.00) PER MONTH. FURTHER, THE DEVIATION IS NOT IN THE BEST INTERESTS OF THE CHILD.
 {¶ 13} II. THE LOWER COURT ABUSED ITS DISCRETION BY MODIFYING PARENTING TIME, AS SAID MODIFICATION WAS NOT BASED ON THE BEST INTERESTS OF THE CHILD.
 {¶ 14} Appellant argues the trial court abused its discretion when it deviated from the child support worksheet amount and modified parenting time. Initially, we note that a trial court's modification of a prior child support order is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion. See Wolfe v. Wolfe, Franklin App. No 04AP-409, 2005-Ohio-2331, at ¶ 7, citing Woloch v. Foster
(1994), 98 Ohio App.3d 806, 810, 649 N.E.2d 918. In order to find that a trial court abused its discretion, we must find more than an error of law or judgment; an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Most instances of an abuse of discretion result in decisions that are unreasonable, as opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 553 N.E.2d 597. A decision that is unreasonable is one that has no sound reasoning process to support it. See Wolfe v.Wolfe, supra, at ¶ 7.
 {¶ 15} Civ.R. 53(E)(4)(b), which addresses the disposition of objections to a Magistrate's decision, provides that a trial court "shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." In the case sub judice, the trial court adopted the Magistrate's decision in full with three changes:
"1) Father shall have visitation from the day after school is out in the spring until the 7th day before school starts at the end of summer;
2) Father shall pay child support of $50.00 per month throughout the year;
3) [Minor child] shall return to his mother the last 4 days of Christmas vacation."
 {¶ 16} Although granted wide discretion, a trial court is obligated to adhere to the statutory guidelines set forth in R.C. Chapter 3119. See Heyman v. Heyman, Franklin App. No. 05AP-475,2006-Ohio-1345, at ¶ 37. Specifically, when awarding child support, the trial court must complete a child support computation worksheet and enter that worksheet into the record.Marker v. Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph one of the syllabus. In so doing, the terms of the statute and the corresponding worksheet must be followed literally and technically in all respects. Id., at paragraph 2 of the syllabus. The resultant guideline amount is rebuttably presumed to be the correct and equitable amount of child support. See Glassner v. Glassner, 160 Ohio App.3d 648, 2005-Ohio-1936, at ¶ 20. A court may order a deviation from that amount, but it must enter that deviation, as well as supporting findings of fact, within its journal entry. Marker, supra, paragraph 3 of the syllabus.
 {¶ 17} In this case, the parties entered into a shared parenting agreement. Accordingly, R.C. 3119.24 is the governing statute. It provides:
 {¶ 18} (A) (1) A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in section 3119.022 [3119.02.2] of the Revised Code, through the line establishing the actual annual obligation, except that, if that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.
 {¶ 19} (2) The court shall consider extraordinary circumstances and other factors or criteria if it deviates from the amount described in division (A)(1) of this section and shall enter in the journal the amount described in division (A)(1) of this section its determination that the amount would be unjust or inappropriate and would not be in the best interest of the child,and findings of fact supporting its determination.
R.C. 3119.24 (Emphasis added). Pursuant to the language of the statute, the trial court is required to make findings of fact if it deviates from the support computation calculated by the worksheet. As the trial court here has deviated from the worksheet amount, it was required to make findings of fact supporting its determination. Because it has not made the required findings, its deviation is unsupported. Therefore, because there is no sound reasoning process demonstrated in the entry to support the deviation, the trial court abused its discretion when it deviated from the worksheet support amount.
 {¶ 20} With regard to the parenting time modifications set forth in the entry, R.C. 3109.04 governs the allocation of parental rights and responsibilities for the care of children. R.C. 3109.04(E)(2)(b) provides:
The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 {¶ 21} In the case sub judice, there is no indication in the entry that the modification in parenting time is in the best interest of the parties' minor son. The modification is therefore not properly supported.
 {¶ 22} Because the trial court failed to issue findings of fact pursuant to R.C. 3119.24(A)(2) to support its deviation from the support calculation determined by the worksheet, and because there is no indication that the modification in parenting time is in the best interest of the parties' minor son, we reverse the decision of the trial court and remand the case for clarification of the basis of its decision.
Reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.