DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment by the Lucas County Court of Common Pleas, Domestic Relations Division, granting appellant Charisse M. Barone's motion for modification of child support. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant and appellee, Frank E. Barone, have three children born as issue of their marriage: Jeffrey, Joseph, and Francesca. On December 23, 2003, the trial court *Page 2 
ordered that, retroactive to June 6, 2001, Frank Barone provide support in the amount of $1,200 per month for each of the three children. At the time of that order, appellee's total gross income was $299,751 per year, and appellant's total gross income was $49,516 per year. Since that time, the parties' two older children, Jeffrey and Joseph, have become emancipated; support for them terminated effective May 27, 2004, and July 17, 2005, respectively.
 {¶ 3} On April 11, 2005, appellant, the residential parent in this case, filed the subject motion for modification of child support, arguing a substantial change in circumstance and the best interests of the child. Specifically, appellant asserted that appellee's income had greatly increased, and that appellant's income had greatly decreased, and, as a result, it would be in the best interest of Francesca if the child support order were to be modified. A two-day hearing on the motion was held before the magistrate. Following the hearing, the magistrate found that a modification of support was appropriate and ordered that appellee pay child support in the amount of $2,500 per month, plus $1,000 to offset the cost of appellant's attorney fees.
 {¶ 4} In his decision, the magistrate calculated appellee's income to be $416,647.48, as per appellee's 2005 W-2. He calculated appellant's income as $45,854, which was the amount shown on appellant's 2004 income tax return as her adjusted gross income. The magistrate found that the combined household income was in excess of $150,000 and that, as a result, the child support determination was subject to the discretion of the court. *Page 3 
 {¶ 5} The magistrate further found that appellee provides additional support for Francesca — beyond the mandated child support — including private school tuition, clothing, and other miscellaneous expenses. In addition, the magistrate noted that both appellant and appellee voluntarily assume certain expenses on behalf of their college-aged children.
 {¶ 6} The magistrate also found that appellee continues to live a comfortable lifestyle, having remodeled his residence at a cost of $350,000 and having purchased a site in Florida to build a $600,000 condominium. Regarding appellant, the magistrate found that she has substantial monthly expenses, that she had refinanced her mortgage to reduce the monthly payment, and that she had transferred her car payment to her equity line of credit. He additionally found that appellant had listed her residence for sale, because she could not afford to live there.
 {¶ 7} In his conclusions of law, the magistrate determined that there was a "great disparity" between the standard of living that Francesca has and the standard of living that she would have enjoyed had appellant and appellee remained married. He further determined that the disparity in income between appellant's and appellee's households is "somewhat overwhelming."
 {¶ 8} Finally, the magistrate acknowledged that appellant has incurred $2,611 in attorney fees for her case but also stated that the case had been continued numerous times at the request of one or both of the parties. *Page 4 
 {¶ 9} Appellee timely filed objections to the magistrate's decision. The trial court found that the magistrate had incorrectly computed the parties' respective incomes for purposes of determining child support. After applying interest, dividends and refunds, the trial court found that appellant's income was $49,114. After applying adjustments for additional income (in the form of taxable interest, dividends, other business income, pension/annuities, and line 17 income) and deductions for self-employment tax and spousal support, and after acknowledging that the business income was attributable to income generated by appellee's current spouse, the trial court found that appellee's annual total gross income amounted to $596,160.
 {¶ 10} The trial court stated that in determining appellee's child support obligation, it had done so on a "case-by-case" basis, and had taken into account various factors, including the needs and the standard of living of the child and of the parents. The trial court stated that it had been particularly influenced by: (1) the substantial disparity in the parties' incomes; (2) the financial resources of the parties; and (3) the needs of the minor child. In addition, the court took note of Exhibit X (a self-prepared document presented by and on behalf of appellee), which indicates that during the 2006-2007 academic year, appellee voluntarily paid in excess of $25,000 on behalf of Francesca. Among the expenses paid with this money were private-school tuition and related expenses, clothing, medical expenses, expenses for sports activities, living expenses, and vacations.
 {¶ 11} After taking all of the foregoing into consideration, the trial court modified appellee's child support obligation from $1,200 per month to $1,800 per month, *Page 5 
conditioned upon appellee's continued payment of Francesca's expenses as set forth in Exhibit X. In addition, the trial court awarded appellant $1,000 for attorney fees.
 {¶ 12} Appellant timely appealed the judgment of the trial court, raising the following assignments of error:
 {¶ 13} I. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MODIFIED THE MAGISTRATE'S DECISION, REDUCING THE CHILD SUPPORT TO $1,800 PER MONTH FROM $2,500 PER MONTH, MAKING THE CHILD SUPPORT RETROACTIVE EFFECTIVE JULY 17, 2005."
 {¶ 14} II. "THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING DEFENDANT [sic] ATTORNEY'S FEES IN THE SUM OF $1,000."
 {¶ 15} When reviewing the decision of a trial court in a domestic relations context, the appellate court applies an "abuse of discretion" standard of review. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id. Where a judgment is supported by some competent, credible evidence, there is no abuse of discretion. SeeVan Vorce v. Van Vorce, 3d Dist. No. 2-04-11, 2004-Ohio-5646, ¶ 15.
 {¶ 16} R.C. 3119.04(B) relevantly provides:
 {¶ 17} "If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support *Page 6 
order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings."
 {¶ 18} This provision has been construed to mean that the court must "(1) set the child support amount based on the qualitative needs and standard of living of the children and parents; (2) ensure that the amount set is not less than the $150,000-equivalent, unless awarding the $150,000-equivalent would be inappropriate (i.e., would be too much); and (3) if it decides the $150,000-equivalent is inappropriate or unjust (i.e., awards less), then journalize the justification for that decision." Zeitler v. Zeitler, 9th Dist. No. 04CA008444, 2004-Ohio-5551, ¶ 8.
 {¶ 19} R.C. 3119.04(B) neither contains nor references any factors to guide the court's determination in establishing the amount of child support; instead, the court must determine the amount of child support on a case-by-case basis. Siebert v. Tavarez, 8th Dist. No. 88310,2007-Ohio-2643, ¶ 31. Moreover, unless the court awards support that *Page 7 
is less than the amount listed in the child support guidelines worksheet for combined incomes of $150,000, the court need not state its reasons for the determined amount. Id.; see, also, Cyr v. Cyr, 8th Dist. No. 84255, 2005-Ohio-504, ¶ 55.
 {¶ 20} We note that although deviations pursuant to R.C. 3119.22 and factors relevant to granting deviations pursuant to R.C. 3119.23 are expressly applicable only to deviations from the basic support schedule and worksheet — and not case-by-case determinations under R.C. 3119.04(B) — so long as the court fulfills the analysis mandated by R.C. 3119.04(B), it is not an abuse of discretion for the court to consider the R.C. 3119.23 deviation factors when ordering child support in cases where the combined income of the parents exceeds $150,000. SeeTavarez, supra, ¶ 41-45; see, also, Wolfe v. Wolfe, 10th Dist. No. 04AP-409, 2005-Ohio-2331, ¶ 11; Cho v. Cho, 7th Dist. No. 03MA73,2003-Ohio-7111, ¶ 13-15.
 {¶ 21} Among the R.C. 3119.23 deviation factors are: (1) disparity in income between parties or households; (2) significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing; (3) the standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married; and (4) any other relevant factor. R.C. 3119.23(G), (J), (L), (P).
 {¶ 22} Applying the above-stated law to the facts of this case, we find both that the trial court assessed "the needs and standard of living of the children" as required by R.C. 3119.04(B), and that the record contains competent, credible evidence which supports the *Page 8 
trial court's ruling. Appellant has not shown that the trial court's award of child support was an abuse of discretion.
 {¶ 23} Arguing against this conclusion, appellant appears to claim that the trial court improperly relied upon appellee's Exhibit X, which contains information regarding voluntary contributions made by appellee, not only on behalf of his minor child, but also on behalf of his adult children. This claim is wholly without merit. First, nothing in the record suggests that the court considered these voluntary contributions to the adult children when arriving at the child support obligation determination. To the contrary, in footnote 4 of the judgment entry, the trial court expressly acknowledged that voluntary contributions to the education of adult children are not to be considered in determining child support obligations.
 {¶ 24} Appellant additionally claims that the trial court never considered the fact that, at some point after the evidentiary hearing in this matter and before the decision by the magistrate was issued, Francesca was no longer attending private school and, instead, was attending public school. Our review of the record reveals that such fact was never introduced before the trial court. As a result, the trial court did not have the opportunity to consider what, if any, impact the change of schools might have upon the need for child support. Appellant's failure to present this fact to the trial court cannot reasonably form a basis upon which to find that the trial court abused its discretion.
 {¶ 25} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken. *Page 9 
 {¶ 26} Appellant argues in his second assignment of error that the trial court abused its discretion in awarding attorney fees in the amount of $1,000, rather than in the amount of $2,611.
 {¶ 27} We initially note that appellant failed to file any objection to the magistrate's award of attorney fees in this case, thereby waiving that issue on appeal. See Civ. R. 53(D)(3)(b)(iv).
 {¶ 28} Even if appellant had properly preserved this issue for appeal, her argument would nevertheless fail. Appellate review of an award of attorney fees in a divorce proceeding is committed to the sound discretion of the trial court and, therefore, will not be disturbed on appeal absent an abuse of discretion. Cryder v. Cryder, 10th Dist. No. 07AP-546, 2008-Ohio-26, ¶ 34.
 {¶ 29} Pursuant to R.C. 3105.73(B), in any post-decree motion or proceeding arising out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court "may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable."
 {¶ 30} The magistrate specifically stated in his decision that he had reviewed R.C. 3105.73 in determining appellant's request for attorney fees. He further stated that he had "considered the relevant factors" before arriving at his decision that appellant was entitled to $1,000 for attorney fees. Inasmuch as the trial court did not specifically address the *Page 10 
issue and did not alter the magistrate's ruling with regard to attorney fees, we find that the trial court is deemed to have adopted the magistrate's decision.
 {¶ 31} In challenging the trial court's award of attorney fees, appellant argues that the trial court failed to take into consideration the disparity of income between appellant and appellee. This argument is not supported by the record. To the contrary, the trial court specifically stated that it "was particularly influenced [by] the substantial disparity in the parties' incomes * * *."
 {¶ 32} Where, as here, there have been no specific findings of fact and conclusions of law regarding an award of attorney's fees, we will presume that the trial court reviewed the entire record and relied on it in making its decision. See Cimperman v. Cimperman, 8th Dist. No. 80807, 2003-Ohio-869, ¶ 38. As long as the record contains sufficient evidence to support the court's award of partial attorney fees, we will not reverse the decision of the trial court. See id.
 {¶ 33} In the instant case, the record contains (among other items) the following facts which would tend to support the trial court's award of partial attorney fees: (1) there is a disparity between the parties' respective incomes; (2) appellant incurred $2,611.00 in attorney fees; (3) appellee voluntarily contributes funds to the well-being of his minor child; (4) the case has been continued numerous times at the request of one or both of the parties. Upon balancing these factors, some of which would tend to support, and some of which would militate against, an award of attorney fees, we cannot say that the granting of $1,000 for attorney fees was inequitable, nor can we say that it constituted an abuse of *Page 11 
discretion on the part of the trial court. For all of the foregoing reasons, appellant's second assignment of error is found not well-taken.
 {¶ 34} For all of the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1